## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

**MICKEY D. WATSON**                                                              **PLAINTIFF**

v.                                          **CIVIL ACTION NO. 1:13CV-P131-GNS**

**TONY YOUNG** *et al.*                                               **DEFENDANTS**

### MEMORANDUM OPINION

By Order entered January 9, 2015 (DN 24), the Court directed Plaintiff to notify the Court as to the stage of the criminal proceedings in Taylor Circuit Court Case Nos. 13-CR-153 and 13-CR-154; whether he has already been convicted in those criminal actions; the date of any convictions; the charges for which he was convicted; and whether any appeal is pending. The Court warned Plaintiff that his failure to comply with the Order within 30 days would result in dismissal of this action for failure to prosecute and to comply with an Order of this Court. The compliance period has expired, and a review of the record reveals that Plaintiff has failed to file a response to the Court's Order.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally,

courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Plaintiff having failed to prosecute and to comply with a straightforward Court Order containing an easily understood deadline, the Court will dismiss the action by separate Order.

Date: February 26, 2015

Greg N. Stivers, Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of record
4416.005